## WILLIAM B. LOUDENSLAGER, RELATOR, v. ALFRED M. HESTON ET AL., RESPONDENTS.

Submitted December 4, 1913—Decided October 28, 1914.

1. Relator was appointed commissioner of the sinking fund of the city of Atlantic City, and by that appointment, became one of the officers of that municipality. Subsequently the voters of that city adopted the provisions of the act of April 25th, 1911, commonly known as the "Walsh act" (*Pamph. L., p.* 462), and thereafter proceeded to the election of commissioners as provided by that statute. *Held*, that upon the organization of the commissioners, the term of office of the relator was brought to an end, and that he thereupon ceased to be the legal custodian of the sinking fund of that city.

2. On an application for a *mandamus* the court will not direct the transfer of municipal funds, from the custody of one who holds them under color of an office which has no legal existence, to the possession of another who is equally without legal right to the custody thereof.

On demurrer to return to alternative writ of *mandamus*.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the relator, *Gray & Archer*.

For the respondents, *Theodore W. Schimpf*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The relator was appointed commissioner of the sinking fund of the city of Atlantic City on March 20th, 1912, for a term of five years, pursuant to the provisions of the act of March 14th, 1879, entitled "An act to enable cities to create and maintain a sinking fund for the redemption of their bonded indebtedness." *Pamph. L.* 1879, *p.* 270. By his appointment he became one of the *officers* of that city (see sections 2 and 3 of the act). On the 14th day of May, 1912, Atlantic City adopted what is commonly known

as the Walsh act, a statute approved April 25th, 1911, and providing the commission form of government for those cities which should adopt it. *Pamph. L.* 1911, *p.* 462. Having adopted the act the voters of Atlantic City proceeded to the election of commissioners as provided therein, and the commissioners so chosen organized as the governing body of that municipality. The organization occurred on the 16th day of July, 1912, and shortly afterwards the commissioners created a sinking fund committee, and appointed the respondents members thereof; whereupon these appointees took possession of the moneys and securities constituting the sinking fund of the city, and also the books and papers relating thereto. The relator now seeks the aid of this court to compel the respondents to deliver up to him these moneys, securities, books and papers, claiming that, upon the facts above recited—and they are set out in the alternative writ and the return thereto—he is the legal custodian thereof.

Neither the power of the commissioners of Atlantic City to create a sinking fund committee, nor the right of the respondents to retain the moneys, &c., of the sinking fund, are involved in the present proceedings, unless the right of the relator to hold his office of commissioner of the sinking fund continued up to the time when he sued out the alternative writ; for, conceding that the power asserted and attempted to be exercised by the city commissioners was not conferred upon them by the legislature, and that the respondents are not entitled to retain possession of the assets and papers of the sinking fund, this court cannot order the transfer of those assets and papers from the possession of parties who hold them without legal right, to the possession of another who is equally without right to their custody. The first question, therefore, which the case presents for decision (and the only one, in view of the conclusion we reach as to it) is whether or not Mr. Loudenslager's incumbency of the office of commissioner of the sinking fund of Atlantic City had been terminated prior to the time of his institution of this proceeding.

The second section of the Walsh act provides that "upon the organizing of the commissioners elected under this act the

city council, or other governing body or bodies, theretofore acting as governing body or bodies in such city, and having any other functions, shall be *ipso facto* abolished, and the terms of all councilmen or aldermen, *and all other officers, whether elective or appointive,* shall immediately cease and determine." By force of this statutory provision the incumbency of every officer of the city of Atlantic City was terminated by the organization of the board of commissioners of that municipality (*Istvan* v. *Naar,* 84 *N. J. L.* 113) ; and Mr. Loudenslager's right to exercise the functions of the office of commissioner of the sinking fund, to receive its emoluments, and to have the custody and control of its assets and papers was terminated. This being so, as we have already stated, we are not presently concerned with the question of the scope of the power and duty of the new governing body of the city, after its due organization, in providing for the future care and custody of the moneys, assets, books and papers of the sinking fund department.

The respondents are entitled to judgment on the demurrer.